UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVIDA WHITTAKER,
    Plaintiff

v.

UNITED STATES OF AMERICA,
    Defendant

Civil Action No. 19-199 (CKK)

MEMORANDUM OPINION
(March 11, 2021)

Plaintiff Davida Whittaker and Defendant United States participated in a settlement conference before a magistrate judge and, after failing to reach a settlement, continued to engage in negotiations. Defendant contends that in the course of these communications, the parties reached an enforceable settlement agreement that was reduced to writing, but not signed by either party. Plaintiff opposes Defendant's motion and contends that the communications related to the mediation are confidential, cannot be considered by the Court to determine if the parties reached an agreement, and should be filed under seal.

Before the Court is Defendant's [27] Motion to Enforce the Settlement Agreement and Plaintiff's [28] and [30] Motions to Seal. Upon review of the pleadings, the relevant legal authority, and the record as a whole, the COURT shall GRANT the portion of Defendant's Motion to Enforce the Settlement Agreement requesting an evidentiary hearing, but shall DEFER ruling on the remainder of the Defendant's Motion until it holds an evidentiary hearing as set forth in the accompanying Order.

The Court shall also GRANT-IN-PART and DENY-IN-PART Plaintiff's [28] Motion to Seal. Specifically, the Court shall require that Defendant's Motion to Enforce and the exhibits attached thereto be filed under seal pending the Court's resolution of that motion and shall require Defendant to file a redacted version of its Motion on the public docket. The Court,

1

however, shall deny Plaintiff's request to seal her Opposition (filed at ECF No. 28-1), as it contains no mediation-related communications. The Court shall also DENY Plaintiff's [30] Motion to Seal requesting that her Reply in Support of Sealing (filed at ECF No. 30) and the Government's [29] Opposition be filed under seal because neither filing discloses mediation-related communications.

## I. BACKGROUND

The Court has previously discussed in detail the factual background of this case. *See* Mem. Op. at 2-5, ECF No. 14. The Court's discussion here is limited to events pertinent to the pending motions.

On October 1, 2019, the parties filed a Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 in which they expressed interest in participating in a settlement conference before a magistrate judge. *See* Joint Report at 6, ECF No. 18. Accordingly, the Court referred this matter to Magistrate Judge Harvey for a settlement conference after initial disclosures had been exchanged, but before formal discovery. *See* Order, ECF No. 19. A settlement conference was held on December 19, 2019. *See* Dec. 19, 2019 Minute Entry. In a Joint Status Report filed on January 21, 2020, the parties reported that they were "continuing to engage in settlement negotiations," noting that Magistrate Judge Harvey had "made himself available to further assist the parties in mediating a resolution." *See* Joint Status Report ¶¶ 4, 5, ECF No. 21.

Defendant contends that during subsequent teleconferences with Magistrate Judge Harvey, Plaintiff orally agreed to a written counteroffer by Defendant which "set forth all

material terms" of a settlement agreement.[1] Def.'s Mot. at 5-6, ECF No. 27. According to Defendant, the agreement was reduced to writing and Plaintiff, through her counsel, agreed to its terms and represented that she was prepared to sign it. *Id.* at 2-4. After several weeks of delay, but before the written agreement was executed, Plaintiff's counsel communicated to Defendant's counsel that the case would not settle. *Id.* at 4.

Defendant now moves to enforce the settlement agreement it claims to have reached based on the words and actions of Plaintiff and her counsel. Plaintiff opposes Defendant's motion, arguing that the Court cannot consider communications between counsel related to the mediation, and therefore there "is no evidence" of an agreement "to consider." Pl.'s Opp'n at 17, ECF No. 28-1.

## II.     DISCUSSION

"It is well established that federal district courts have the authority to enforce settlement agreements entered into by the litigants in cases pending before them." *Demissie v. Starbucks Corp. Office & Headquarters*, 118 F. Supp. 3d 29, 34 (D.D.C. 2015) (quoting *Ulliman Schutte Const., LLC v. Emerson Process Mgt. Power & Water Solutions*, 2007 WL 1794105 at *3 (D.D.C. June 19, 2007)). "[A]n action to enforce a settlement agreement is, at bottom, an action seeking the equitable remedy of specific performance of a contract [,]" and that "[t]his is the case even where, as here, the opposing party disputes certain facts related to the formation of the settlement contract." *Hall v. George Washington Univ.*, 2005 WL 1378761, at *3 (D.D.C. May 13, 2005) (internal citations omitted). The movant bears the burden of proving by clear and convincing evidence that the parties reached a binding agreement in resolution of all the disputed

---

[1] The Court here only addresses the facts alleged by Defendant, and not the substance of any communications between the parties.

issues in the underlying litigation. *See Blackstone v. Brink*, 63 F. Supp. 3d 68, 76 & n.8 (D.D.C. 2014); *Samra v. Shaheen Bus. & Inves. Grp.*, 355 F. Supp. 2d 483, 493 (D.D.C. 2005). The "clear and convincing" standard requires that "the party bearing the burden of proof on a given issue present evidence sufficient to allow the court to 'reach a firm conviction of the truth on the evidence about which [it] is certain.'" *Samra*, 335 F. Supp. 2d at 494 (quoting *United States v. Montague*, 40 F.3d 1251, 1255 (D.C. Cir. 1994)).

"A district court cannot summarily enforce a settlement 'until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement.'" *Hood v. District of Columbia*, 211 F. Supp. 2d 176, 180 (D.D.C. 2002) (quoting *Hensley v. Alcon Labs.*, 277 F.3d 535, 540 (4th Cir. 2002) (additional citations omitted)). When there is "a genuine factual dispute as to whether parties agreed to a binding settlement, the Court must hold an evidentiary hearing in which the parties are afforded the opportunity for cross-examination." *Demissie*, 118 F. Supp. 3d at 34 (citing *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001)).

The Court cannot conclude based on the current record that Plaintiff agreed to a binding, enforceable agreement to resolve her claims in this action. The factual record is simply insufficient. Accordingly, the Court shall hold an evidentiary hearing to allow Defendant to show that Plaintiff intended to be bound by the terms of the parties' purported agreement, including by the words and conduct of Plaintiff's counsel. Before discussing its reasons for requiring an evidentiary hearing, the Court shall address Plaintiff's argument that mediation confidentiality rules bar the Court from considering the parties' communications to determine if an enforceable settlement agreement was reached and require that certain materials be filed under seal.

### A. Mediation Communications

Plaintiff argues that the Court may not consider the communications attached as exhibits to Defendant's motion to enforce "due to mediation confidentiality protections that preclude (as an evidentiary matter) the review of those materials." Pl.'s Opp'n at 2. This same rationale underlies Plaintiff's motions to seal. *Id.*; *see also* Pl.'s Mot. to Seal Opp'n at 1-2, ECF No. 28; Pl.'s Mot. to Seal Reply at 1 n.1, ECF No. 30. Plaintiff's opposition to Defendant's motion to enforce the settlement agreement relies almost exclusively on her position that the Court "cannot consider" these communications. Pl.'s Opp'n at 5.

In support of this argument, Plaintiff relies on Local Civil Rule 84, which prohibits parties to a meditation from "disclosing any written or oral communications made in connection with or during any mediation session." LCvR 84.9(a)(1). Local Civil Rule 84 applies "*only* to mediation proceedings that are formally conducted through the United States District Court's Mediation Program," which is "administered within the Office of the Circuit Executive" and which makes use of "qualified volunteer mediators." LCvR 84(b), 84.1(a), 84.4(a) (emphasis added). Here, the parties engaged in a mediation before a magistrate judge, not through the Mediation Program. Accordingly, Local Civil Rule 84 does not apply to the mediation proceedings in this case, which were conducted before a judicial officer.[2]

Other courts in this jurisdiction, however, have noted the "general practice in this District of applying our confidentiality rules to *any* mediation conducted under the auspices of the court—even those not referred to the Circuit Executive as set forth in Local Civil Rule 84.4." *Judicial Watch v. U.S. Dep't of Justice*, 271 F. Supp. 3d 264, 271 (D.D.C. 2017); *see also id.* n.4

---

[2] For this reason, the lack of an agreement "signed by counsel and the parties" does not automatically undermine the existence of an enforceable settlement agreement, as suggested by Plaintiff. *See* Pl.'s Opp'n at 4 (citing LCvR 84.7(f)).

(collecting cases). The Court here shall follow this "general practice" and so shall order that the communications between counsel shall be sealed pending the Court's resolution of Defendant's Motion to Enforce the Settlement Agreement because the Court has not yet determined whether mediation was ongoing at the time of these communications, or whether an agreement had already been reached.[3]

Accordingly, the Court shall require that Defendant's [27] Motion to Enforce and its attachments be filed under seal pending the Court's resolution of that Motion. The Defendant must file a redacted version of its memorandum of law in support of its motion which excludes references to the parties' communications by no later than **March 26, 2021.** The Court, however, finds that the remaining filings which Plaintiff seeks to seal address only legal issues pertaining to the parties' motions and do not contain any communications related to the mediation. The following documents, therefore, shall be filed on the public docket: Plaintiff's Opposition to Defendant's Motion (ECF No. 28-1)[4]; Defendant's Opposition to Plaintiff's Motion to Seal (ECF No. 29); and Plaintiff's Reply in Support of Sealing (ECD No. 30-1).

Moreover, this Court's conclusion that certain materials will be filed under seal does *not* preclude the Court from considering the communications between the parties to determine whether the parties reached an enforceable settlement agreement. *See, e.g.*, *Demissie*, 118 F.

---

[3] In opposing Plaintiff's motion to seal, the United States argues that the communications "postdate the mediation session and occurred after the parties agreed upon the material terms of the settlement." *See* Def.'s Opp'n to Pl.'s Mot. to Seal at 3, ECF No. 29. To be sure, the record is clear that the parties did not reach an agreement *during* the December 2019 settlement conference. But whether the parties reached an agreement during its subsequent communications is precisely the issue the Court must resolve. In the event the Court determines that the parties did reach an enforceable agreement prior to these communications, the Court may reconsider the need to maintain the pending briefing under seal.

[4] Plaintiff herself concedes that her Opposition does not disclose "the substance of any mediation-related communications." Pl.'s Opp'n at 3.

Supp. 3d at 31-34 (reviewing history of mediation proceedings and communications between the parties to determine whether an enforceable settlement agreement had been reached); *Rios v. I.S. Enters.*, 113 F. Supp. 3d 283, 285 (D.D.C. 2015) (describing emails exchanged between counsel discussing drafts of the settlement agreement); *Ulliman* 2007 WL 1794105, at *1-2 (considering discussions of settlement between parties' attorneys to determine if agreement was reached); *Greene v. Rumsfeld*, 266 F. Supp. 2d 125, 128-135 (D.D.C. 2003) (reviewing communications between counsel regarding terms of proposed settlement). Accordingly, the Court shall consider these communications, together with the record developed at the evidentiary hearing, to determine if the parties reached an enforceable settlement agreement.

### B. Enforceable Settlement Agreement

Upon review of the present record (including the communications submitted by Defendant), the Court finds that Defendant has not demonstrated by clear and convincing evidence that the parties reached an enforceable settlement agreement. For example, Defendant argues that an enforceable agreement between the parties was reached when Plaintiff orally accepted the terms of a written counteroffer provided by Defendant. *See* Def.'s Mot. at 3. But Defendant's representations in its brief are the only support in the record for this contention. Nor is there any support on the record—other than Defendant's own representations—for its contention that the written agreement sent to Plaintiff contained the same "material terms" as those to which the parties purportedly orally agreed. *Id.* Although Plaintiff does not appear to contest these facts in her briefs, it is *Defendant's* burden to establish by clear and convincing evidence that the parties agreed to all material terms and intended to be bound by those terms.[5]

---

[5] Plaintiff responds that there was no agreement because neither party reported to the Court that a settlement had been reached, as the Court instructed to the parties to do. *See* Pl.'s Opp'n at 17. Plaintiff argues that this shows there was no "meeting of the minds." *Id.* Although the Court may

7

*Rios*, 113 F. Supp. 3d at 284. The present factual record is simply insufficient for Defendant to satisfy these elements.

Defendant also bears the burden of demonstrating that Plaintiff's counsel had the necessary authority to "bind plaintiff to the settlement." *Hodges v. Potter*, 2005 WL 6336682, at *1 (D.D.C. Aug. 31, 2005) (citing *Hill v. Georgetown Univ.*, 2005 WL 1378761, at *5 (D.D.C. May 13, 2005)). According to Defendant, Plaintiff orally accepted Defendant's counteroffer by communicating her acceptance to Magistrate Judge Harvey, who then conveyed her acceptance to Defendant. Def.'s Mot. at 3. But again, the only support in the record that Plaintiff orally accepted Defendant's counteroffer is from Defendant's own representations in its briefs. And to the extent Defendant relies on Plaintiff's *counsel's* communications, it is unclear from the record whether Plaintiff's counsel had the authority to settle on behalf of Plaintiff absent a final signed document. The limited record of email communications contains only counsel's representations of Plaintiff's acceptance of terms. But an attorney's representations about his own authority to accept a settlement "are not dispositive as to whether [the client] herself furnished the basis for a reasonable belief that [the attorney] was authorized to conclude the settlement." *Makins v. District of Columbia,* 861 A.3d 590, 596 (D.C. 2004).

In light of the foregoing, and consistent with the practice of other courts in this jurisdiction, the court will defer a final decision on Defendant's Motion to Enforce the Settlement Agreement and shall schedule an evidentiary hearing on Defendant's Motion. *See, e.g.*, *Rios*, 113 F. Supp. 3d at 285; *Blackstone*, 63 F. Supp. 3d at 76; *Greene*, 266 F. Supp. 2d at 129 (same). As the court explained in *Rios*, an evidentiary hearing will allow Defendant an

---

take this fact into consideration, it does not find it alone persuasive that no agreement was reached.

opportunity to show that Plaintiff intended to be bound by the terms proposed by Defendant. *Rios*, 113 F. Supp. 3d at 285. It will also have the chance to "show that [Plaintiff's] counsel had the authority to orally bind [Plaintiff] to the settlement agreement." *Id.*

### III.    CONCLUSION

As set forth above and in the accompanying Order, the Court shall require that certain communications be filed under seal pending the Court's resolution of Defendant's Motion. The Court shall hold an evidentiary hearing on Defendant's Motion on **March 30, 2021 at 10:00 a.m.** by videoconference and shall defer ruling on the remainder of that motion until after the hearing.

                                                /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge